Filed 5/21/13  P. v. Litonjua CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056854 |
| v. | (Super.Ct.No. FWV1102618) |
| RAUL LITONJUA, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Sachs, Judge.  Affirmed.

Zulu Ali, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood and Meagan J. Beale, Deputy Attorneys General, for Plaintiff and Respondent.

After pleading nolo contendere to possession of a controlled substance for sale (Health & Saf. Code, § 11378)[1], defendant Raul Litonjua, Jr., was placed on probation for three years. He was subsequently taken into custody by Immigration and Customs Enforcement. Defendant then filed a motion to withdraw his guilty plea, alleging that he was denied effective assistance of counsel when his trial counsel failed to advise him of the immigration consequences of his guilty plea. The trial court denied the motion. Defendant filed a notice of appeal challenging the validity of his plea and claiming that the court erred in hearing the motion to withdraw his plea over defense counsel's objection. Defendant also filed a request for certificate of probable cause, which the court granted.

On appeal, defendant contends that he received ineffective assistance of counsel (IAC) because his trial counsel failed to advise him of the immigration consequences of his guilty plea.[2] We affirm the judgment.

<u>FACTUAL AND PROCEDURAL BACKGROUND</u>[3]

On September 26, 2011, a police officer was on patrol and noticed a vehicle with several Vehicle Code equipment violations (e.g., missing front license plate). The officer

---

[1] All further statutory references will be to the Health and Safety Code, unless otherwise noted.

[2] We note that, despite defendant's claim in the notice of appeal, the opening brief does not contain any argument concerning the court's alleged error in hearing the motion to withdraw his plea over defense counsel's objection.

[3] The parties stipulated that the police report contained a factual basis for defendant's plea. Thus, the factual background is taken from the police report.

conducted a traffic stop. The driver identified himself as defendant. There was a female passenger in the back seat. The officer noted a strong odor of marijuana coming from the car and asked about it. Defendant admitted that he had marijuana in the car, but denied having anything else illegal. Defendant consented to a search of the car. The officer found empty plastic baggies, a digital scale, a ledger, 15 grams of marijuana, and seven grams of methamphetamine. The officer also noticed a cell phone in the car that was continuously ringing and receiving text messages that were consistent with narcotics transactions. The phone belonged to defendant. The officer arrested defendant and transported him to the West Valley Detention Center. The officer interviewed defendant. After waiving his *Miranda*[4] rights, defendant admitted that all of the narcotics found inside the car belonged to him. He said the methamphetamine found in the car was for his personal use, but he admitted that he sold marijuana and that all of the packaging materials in the car, including the scale, were for the sale of marijuana. He denied selling methamphetamine.

On September 28, 2011, defendant was charged by felony complaint with possession of a controlled substance (methamphetamine) for sale (§ 11378, count 1), and possession of marijuana for sale (§ 11359, count 2).

On October 5, 2011, defendant pled no contest to count 1. Pursuant to a plea agreement, the court dismissed the remaining count and placed defendant on probation for three years, including 180 days in county jail.

---

[4] *Miranda v. Arizona* (1966) 384 U.S. 436.

On January 22, 2012, defendant was taken into custody by Immigration and Customs Enforcement.

On April 9, 2012, defendant filed a motion to withdraw his plea. The court held a hearing on the motion. After hearing testimony from defendant's trial counsel and arguments from counsel, the court denied the motion.

ANALYSIS

Defendant Has Failed to Establish That He Received IAC

Defendant contends that his trial counsel was ineffective for failing to advise him of the immigration consequences of his plea or provide alternatives to a guilty plea. We disagree.

A. *Relevant Law*

In order to establish a claim of IAC, a defendant must demonstrate that "(1) counsel's performance was deficient in that it fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's deficient representation prejudiced the defendant, i.e., there is a 'reasonable probability' that, but for counsel's failings, defendant would have obtained a more favorable result. [Citations.] A 'reasonable probability' is one that is enough to undermine confidence in the outcome. [Citations.]" (*People v. Dennis* (1998) 17 Cal.4th 468, 540-541.) Hence, an IAC claim has two components: deficient performance and prejudice. (*People v. Ledesma* (1987) 43 Cal.3d 171, 217.) If defendant fails to establish either component, his claim fails.

4

Furthermore, Penal Code section 1016.5, subdivision (a), provides: "Prior to acceptance of a plea of guilty or nolo contendere to any offense punishable as a crime under state law, except offenses designated as infractions under state law, the court shall administer the following advisement on the record to the defendant: [¶] If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." "Upon request, the court shall allow the defendant additional time to consider the appropriateness of the plea in light of the advisement as described in this section." (Pen. Code, § 1016.5, subd. (b).)

Trial counsel, as well as the court, has a duty to advise. "For at least the past 15 years, professional norms have generally imposed an obligation on counsel to provide advice on the deportation consequences of a client's plea. [Citation.] We should, therefore, *presume* that counsel satisfied their obligation to render competent advice at the time their clients considered pleading guilty. [Citation.]" (*Padilla v. Kentucky* (2010) 559 U.S. 356, __ [130 S.Ct. 1473, 1485] (*Padilla*), italics added.)

B. *Relevant Proceedings*

Defendant filed a motion to withdraw his plea, alleging that his trial counsel rendered IAC by failing to inform him of the immigration consequences of his nolo contendere plea. He further claimed that the court failed to inform him of the possible immigration consequences, as required by section 1016.5.

In its opposition to the motion, the prosecutor attached a copy of defendant's plea agreement, which contained the standard warning of the immigration consequences of a guilty plea. It states: "I understand that if I am not a citizen of the United States, deportation, exclusion from admission to the United States, or denial of naturalization will result from a conviction of the offense(s) to which I plead guilty/no contest." Defendant personally initialed the box next to this paragraph. Defendant also initialed the box next to the paragraph which reads: "I have had sufficient time to consult with my attorney concerning my intent to plead guilty/no contest to the above charge(s) (and admit any prior conviction or enhancement). My lawyer has explained everything on this Declaration to me, and I have had sufficient time to consider the meaning of each statement. I have personally placed my initials in certain boxes on this Declaration to signify that I fully understand and adopt as my own each of the statements which correspond to those boxes."

In addition, the plea form contained the signed statement from defendant's trial counsel, confirming that he personally read and explained the contents of the plea agreement to defendant. Furthermore, the court signed the "Order" section of the plea agreement, which stated that the court found that defendant understood the nature of the crime charged against him and the consequences of his guilty/no contest plea.

At the hearing on the motion, defendant's trial counsel testified. He said he had practiced criminal defense law for approximately 25 years, and that it was his custom and practice, when defendants wished to enter a plea, to assist the defendants in completing the plea form, make sure they understood their rights, and advise them that, if they were

6

not a United States citizen, they could be deported or denied naturalization. Counsel further testified that he would ask if they understood their rights and answer any questions they might have. He testified that he did not deviate from this practice. The court held defendant's plea form, which counsel had signed, and specifically asked if counsel invariably reviewed the immigration consequences of a plea when he represented someone who wished to plead guilty. Counsel said, "Yes."

In making its ruling, the court took note of defendant's proffered declarations that were filed in support of his motion, which stated that he told his counsel he was not a United States citizen, and his counsel did not advise him that he would be deported. The court found that the declarations had "issues of credibility."

The court next pointed out that the previous court had advised defendant that if he was not a citizen, a conviction could lead to deportation, exclusion from admission to the United States, or denial of naturalization. (Pen. Code, § 1016.5, subd. (b).) The court further noted that the plea form defendant initialed explicitly advised him that "deportation, exclusion from admission to the United States or denial of naturalization will result . . . from a conviction." The court emphasized that the form did not say those consequences "may" result from a conviction, but "will" result from a conviction.

The court also took note of trial counsel's testimony that, when he represented a client who wanted to enter a plea, he invariably advised them that they would be subject to deportation, exclusion from admission to the United States, or denial of naturalization.

Finally, the court took judicial notice of the documentation proffered by the prosecution of defendant's prior drug case, in which defendant was explicitly advised of

7

the immigration consequences of his guilty plea, namely that, if he was not a citizen, a conviction would have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization. The court concluded that there was nothing in the prior case, or the instant case, which indicated that defendant was not aware of the adverse consequences of entering a plea. The court stated that defendant was "a veteran of the criminal process," and that he had been advised repeatedly about the consequences of a plea. The court denied the motion to withdraw the plea.

C. *Defendant Has Failed to Establish IAC*

Defendant has failed to show either deficient conduct or prejudice. First, he claims that his counsel did not advise him of "any sort of immigration consequence," and that he only became aware of the deportation consequences at the plea hearing. To the extent that defendant relies upon his self-serving declarations that were submitted in support of his motion to withdraw, we note that the court below found the declarations lacking in credibility. Moreover, defendant's claim that his counsel failed to advise him is belied by the evidence. Defendant personally warranted, by his initials and signature, that his trial counsel explained every item on the plea form, including the paragraph which advised him that "deportation, exclusion from admission to the United States, or denial of naturalization *will* result from a conviction of the offense" to which he pled no contest. The plea form also contained trial counsel's signature, warranting that he had "personally read and explained the contents" of the form to defendant. In addition, defendant's trial counsel testified at the hearing on the motion to withdraw that he had 25 years of experience as a criminal defense attorney, and that he never deviated from his

8

custom and practice of reviewing the immigration consequences of a guilty plea with his clients.

Moreover, defendant was well aware of the immigration consequences of his plea in the current proceedings, since he had been engaged in similar plea proceedings in previous cases. In 2009, he pled guilty to drug possession charges, and the court advised him that if he was not a citizen, a conviction would have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization. (Pen. Code, § 1016.5.)

Furthermore, the cases upon which defendant relies do not support his IAC claim. He cites *Padilla*, *supra*, 130 S.Ct. 1473. In that case, the United States Supreme Court simply held that "counsel must inform her client whether his plea carries a risk of deportation," and found that the defendant's counsel was deficient for failing to do so. (*Id*. at pp. 1486-1487.) However, counsel in that case not only failed to advise the defendant of immigration consequences prior to entering his plea, but also told him that he "did not have to worry" about his immigration status, since he had been in the United Stated for so long. (*Id*. at p. 1478.) The Court found the counsel's performance deficient. Although the consequences of the defendant's plea could have easily been determined from reading the applicable statute, counsel failed to advise the defendant in accordance with the statute. Furthermore, his counsel's advice was incorrect. (*Id*. at p. 1483.)

Similarly, the counsel in *In re Resendiz* (2001) 25 Cal.4th 230 (*Resendiz*) affirmatively misadvised the defendant by telling him that if he pled guilty, he would

have "'no problems with immigration,' except that he would not be able to become a United States citizen." (*Id*. at pp. 236, 251.)

In *People v. Soriano* (1987) 194 Cal.App.3d 1470 (*Soriano*), the defendant's attorney told him only in general terms that he "could" be deported as a result of pleading guilty to the offense. (*Id*. at p. 1479.) The defendant filed a petition for a writ of habeas corpus, alleging that his attorney failed to inform him adequately of the immigration consequences of his plea, and that she had affirmatively assured him that he would not be deported. (*Id*. at p. 1478.) The defendant's attorney admitted that "she merely warned defendant that his plea *might* have immigration consequences." (*Id*. at p. 1482.)

Unlike *Padilla*, *Resendiz*, and *Soriano*, the evidence here shows that defense counsel advised defendant that if he was not a citizen, deportation, exclusion from admission to the United States, or denial of naturalization *would* result from a conviction. We further note that the defendant in *Soriano* essentially averred that he did not know he would be deported if he pleaded guilty. (See *Soriano*, *supra*, 194 Cal.App.3d at p. 1478.) In contrast, the evidence here indicates that defendant was aware of the immigration consequences if he pleaded guilty.

Defendant also claims that he did not have enough time to consider his guilty plea and its consequences, since he "was not warned of the consequence of deportation before the date of his guilty plea." However, defendant personally warranted, by his initials and signature, that his trial counsel explained every item on the plea form, and that he had had sufficient time to consult with his attorney and consider all the terms of the plea agreement. Moreover, if defendant needed additional time to consider his plea, in light of

10

the immigration advisements, he could have requested it. (Pen. Code, § 1016.5, subd. (b).) He did not.

In view of the evidence, we conclude that defendant has failed to establish that his trial counsel's performance was deficient. Moreover, defendant has not overcome the presumption that his counsel did advise him on the deportation consequences of his plea. (*Padilla*, *supra*, 130 S.Ct. at p. 1485.)

In addition, defendant cannot demonstrate that his counsel's alleged deficient representation prejudiced him. (*People v. Dennis* (1998) 17 Cal.4th 468, 540-541.) "[A] defendant who pled guilty demonstrates prejudice caused by counsel's incompetent performance in advising him to enter the plea by establishing that a reasonable probability exists that, but for counsel's incompetence, he would not have pled guilty and would have insisted, instead, on proceeding to trial. [Citations.]" (*Resendiz*, *supra*, 25 Cal.4th at p. 253.)

Here, defendant merely states that his guilty plea will "most likely lead to deportation and removal," and that if he had proper representation, he "*might* not have entered a guilty plea and would have sought alternatives which preserve his options for post-deportation relief." (Italics added.) On its face, defendant's assertion fails to affirmatively establish prejudice.

Furthermore, defendant was originally charged with possession of methamphetamine for sale (Health & Saf. Code, § 11378, count 1) and possession of marijuana for sale (Health & Saf. Code, § 11359, count 2) Had he proceeded to trial on these charges, and had the prosecution chosen to seek maximum penalties, defendant

faced a total punishment of three years eight months of incarceration. (Health & Saf. Code, §§ 11378, 11359; Pen. Code, §§ 1170, subd. (h)(1), 1170.1, Subd. (a).) The plea bargain reached with the prosecution burdened him with only 180 days of local incarceration and three years of probation. Moreover, defendant most likely would have been convicted, in light of his admissions to the police that all of the narcotics found inside the car belonged to him and that he sold drugs. Assuming that "a conviction following trial would have subjected him to the same immigration consequences," as a conviction following a plea, defendant cannot establish that he was prejudiced by his counsel's alleged deficient representation. (*Resendiz*, *supra*, 25 Cal.4th at p. 254)

Based on our examination of the record, we conclude that defendant has failed to establish that his counsel was ineffective.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

RICHLI
J.

MILLER
J.

12